IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

LINDA BLEVINS,

     Plaintiff,

v.                                                  CIVIL ACTION NO. _2:17-cv-03692_____
                                                    (Removed from Circuit Court of Logan
                                                    County, Civil Action No. 17-C-181)

NATIONWIDE GENERAL
INSURANCE COMPANY,

     Defendant.

# Notice of Removal

Defendant, Nationwide General Insurance Company ("Nationwide"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of its removal of a cause of action commenced in the Circuit Court of Logan County, styled *Linda Blevins, Plaintiff v. Nationwide General Insurance Company, Defendant*, Civil Action No. 17-C-181 (the "State Court Action"), to the United States District Court for the Southern District of West Virginia.  In support of their *Notice of Removal*, Nationwide states as follows:

1.      On June 19, 2017, Plaintiff filed the State Court Action with the Circuit Court of Logan County.  [*See*, Complete Copy of State Court Action, attached hereto as Exhibit A]; Certified Copy of Docket Sheet, attached hereto as Exhibit B.]

2.      In the State Court Action, Plaintiff alleges that:

     a.      On or about March 14, 2017, a fire damaged Plaintiff's property located at 48 Godby Street, Logan, West Virginia ("the Property");

     b.      Prior to this fire, Plaintiff insured the Property with Nationwide;

      c.      Nationwide issued a reservation of rights letter indicating that coverage may not apply[1] because the "property ha[d] not been owner occupied for 8 years" and a "medium petroleum distillate was detected in the samples and the policy specifically excludes increased hazard and intentional acts."

      d.      Plaintiff alleges that Nationwide lacks evidence that Plaintiff increased the hazard or engaged in an intentional act.

[Cmpl. at ¶¶ 5-9.]

3.      Based on these allegations, Plaintiff asserts claims against Nationwide for: (1) breach of contract; (2) common law bad faith; and (3) violations of the unfair claims settlement practices of the West Virginia Unfair Trade Practices Act.

4.      Plaintiff requests an undisclosed amount of "monetary relief for all special and general damages, including, but not limited to, relief for all insurance benefits, net economic loss, annoyance, aggravation, inconvenience, and consequential damages; plus prejudgment and post-judgment statutory interest, punitive damages, damages for legal fees and costs. . . ." [Cmpl. at p. 6.]

## Procedural History

5.      On June 22, 2017, Plaintiff served the West Virginia Secretary of State with Summons and a copy of the Complaint. [*See*, Secretary of State Service of Process Information, attached hereto as Exhibit C.]

6.      On June 27, 2017, Nationwide received a copy of Plaintiff's Complaint and Summons.

---

[1] Notably, Nationwide did not and has not denied the claim. Nationwide was in the midst of conducting its investigation into the claim, which the fire department on scene characterized as a suspicious fire, when Plaintiff initiated the State Court Action.

7.     Nationwide timely filed this Notice of Removal pursuant to 28 U.S.C. § 1446.  *See* FED. R. CIV. P. 6(a); *Murphy Bros., Inc. v. Michetti Pipestringing, Inc.*, 526 U.S. 344, 347-48 (1999) (noting that time for removal runs from receipt of formal service of process); *Lilly v. CSX Transp., Inc.*, 186 F. Supp. 2d 672, 675 (S.D. W. Va. 2002).

## Diversity Jurisdiction

8.     28 U.S.C. § 1441 allows Nationwide to remove a civil action from state court to federal court if (i) the amount in controversy meets or exceeds Seventy-Five Thousand Dollars ($75,000.00) and (ii) the civil action involves a controversy between citizens of different states.  28 U.S.C. § 1441.

## Citizenship

9.     To invoke federal diversity jurisdiction, Nationwide must prove diversity of citizenship.  28 U.S.C. §§ 1332(a)(1); 1441.

10.     In her Complaint, Plaintiff alleges that she is a West Virginia resident. [Cmpl. at ¶ 1.]

11.     The Complaint failed to allege the citizenship of Nationwide and, instead, simply states that Nationwide conducts business in West Virginia.  [Cmpl. at ¶ 2.]   As demonstrated in its corporate filing, Nationwide is an Ohio corporation with its principal place of business located at 1 West Nationwide Boulevard, Columbus, Ohio 43215.  [*See*, Secretary of State Nationwide, attached hereto as Exhibit D.]

12.     Consequently, complete diversity exists under 28 U.S.C. §§ 1332(a)(1) and 1441.

## Amount in Controversy

13.     In addition to complete diversity, Nationwide must establish, by a preponderance of the evidence, that the "the sum demanded in good faith in the initial pleading" meets or exceeds the jurisdictional threshold of Seventy-Five Thousand Dollars ($75,000.00). 28 U.S.C. § 1446(c)(2); *see Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013).

14.     Plaintiff's Complaint fails to allege any amount in controversy and, instead, alleges generally that Plaintiff seeks "monetary relief for all special and general damages, including, but not limited to, relief for all insurance benefits, net economic loss, annoyance, aggravation, inconvenience, and consequential damages; plus prejudgment and post-judgment statutory interest, punitive damages, damages for legal fees and costs. . . ." [Cmpl. at p. 6.]

15.     Plaintiff's Complaint alleges damage to her Property because of a fire. [Cmpl. at ¶ 5.]

16.     Plaintiff's policy with Nationwide afforded Plaintiff $164,800 of coverage for the complete loss of her residence on the Property.  [*See*, Homeowner Policy Declarations, attached hereto as Exhibit E.]

17.     On March 30, 2017, Nationwide estimated that the Property sustained damages of $92,969.00.  [*See*, Estimate, attached hereto as Exhibit F.]

18.     Plaintiff also claimed that she lost personal property of at least $9,994.00 in this fire.  [*See*, Plaintiff Proof of Loss, attached hereto as Exhibit G.]

19.     No question exists that the amount in controversy exceeds the jurisdictional threshold of 28 U.S.C. §§ 1332, 1441.

## Compliance with 28 U.S.C. § 1446

20.     Nationwide will provide written notice of the filing of this *Notice of Removal* to Plaintiff promptly after filing the same as required by 28 U.S.C. § 1446.

21.     Nationwide will file a true and correct copy of this *Notice of Removal* with the Circuit Court of Logan County, West Virginia as required by 28 U.S.C. § 1446.

22.     This *Notice of Removal* is signed pursuant to 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Nationwide respectfully pray that the entire action be removed from the Circuit Court of Logan County, West Virginia to the United States for the Southern District of West Virginia as provided by law.

Dated this 24th day of July, 2017.

NATIONWIDE GENERAL
INSURANCE COMPANY
By Counsel

/s/ *Ronda L. Harvey*
Ronda L. Harvey (WVSB # 6326)
Patrick C. Timony (WVSB # 11717)
BOWLES RICE LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia  25325-1386
(304) 347-1701
(304) 347-1756 – facsimile
rharvey@bowlesrice.com

9103566.2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

LINDA BLEVINS,

      Plaintiff,

v.                                 CIVIL ACTION NO. <u>  2:17-cv-03692  </u>
                                 (Removed from Circuit Court of Logan
                                 County, Civil Action No. 17-C-181)

NATIONWIDE GENERAL
INSURANCE COMPANY,

      Defendant.

## **CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that on July 24, 2017, I have served a true and accurate copy of the foregoing ***Notice of Removal***, via EM/CF system and email:

      Christopher J. Heavens, Esq.
      Heavens Law Firm, PLLC
      2438 Kanawha Boulevard E.
      Charleston, West Virginia 25311

      <u>/s/ *Ronda L. Harvey*            </u>
      Ronda L. Harvey (WVSB #6326)