# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

LINDA BLEVINS,

            Plaintiff,

v.                                      CIVIL ACTION NO. 2:17-cv-03692

NATIONWIDE GENERAL INSURANCE COMPANY,

            Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Nationwide General Insurance Company's ("Nationwide") Motion to Dismiss.[1] (ECF No. 5.) For the following reasons, this Court **GRANTS IN PART** and **DENIES IN PART** the motion. Further, the Court **DISMISSES** Count I of the Complaint; **DISMISSES IN PART** Count II of the Complaint insofar as it alleges claims of bad faith and breach of good faith and fair dealing relating to Nationwide's failure to pay Ms. Blevins' insurance claim; and **DISMISSES IN PART** Count III of the Complaint insofar as it alleges that Nationwide denied and failed to remit payment on Ms. Blevins' claim.

### I. BACKGROUND

This action arises out of a fire that occurred on March 14, 2017 that damaged Plaintiff Linda Blevins' ("Ms. Blevins") property at 48 Godby Street in Logan, West Virginia, which was

---

[1] Also pending before the Court is Defendant Nationwide's motion to stay discovery pending the resolution of its motion to dismiss. (ECF No. 16.) As this order decides Nationwide's motion to dismiss, the Court **DENIES AS MOOT** Nationwide's motion to stay. (ECF No. 16.)

insured by Nationwide. (ECF No. 1-1 at ¶ 5–6.) This property was occupied by Ms. Blevins' son and daughter-in-law, a fact that Ms. Blevins alleges she disclosed to Nationwide when she applied for the policy on August 17, 2015. (*Id.* at ¶ 10.)

Ms. Blevins asserts that she notified Nationwide of her loss soon after the fire. (*Id.* at ¶ 16.) Ms. Blevins further alleges that she also attempted to give Nationwide her sworn statement in proof of loss form but was told to hold on to it. (*Id.* at ¶ 27.) Subsequent to receiving notification of Ms. Blevins' loss, Nationwide issued a reservation of rights letter to Ms. Blevins stating that her insurance policy may not cover the claim because the property had not been occupied by the owner for eight years. (*Id.* at ¶ 6.) However, Nationwide still assigned a claim number to Ms. Blevins' claim. (*Id.* at ¶ 17.)

Nationwide states that it subsequently investigated the claim and requested an examination under oath ("EUO") of Ms. Blevins to be held on May 2, 2017. (ECF No. 6 at 2.) Ms. Blevins, through counsel, made several requests to postpone the EUO, to which Nationwide obliged. (*Id.*) On May 31, 2017, Ms. Blevins sent Nationwide her verified statement of loss and again requested the EUO be postponed until June 15, 2017. (*Id.* at 2.) Nationwide agreed and conducted Ms. Blevins' EUO on that date. (*Id.* at 2–3.)

On June 19, 2017, Ms. Blevins filed this action in the Circuit Court of Logan County alleging the following: (1) breach of contract, (2) breach of the covenants of good faith and fair dealing, and (3) violations of the West Virginia Unfair Trade Practices Act ("UTPA"). (*See* ECF No. 1-1.) Nationwide subsequently removed this action to this Court. (*See* ECF No. 1.) On August 11, 2017, Nationwide accepted Ms. Blevins' claim and remitted payment of $92,017.50 for her claim. (*See* ECF No. at 5-1 at 49.) Nationwide then filed this Motion to

Dismiss on August 28, 2017. (*See* ECF No. 5.) Ms. Blevins filed her response to the motion on September 11, 2017, (ECF No. 7), and Nationwide timely replied on September 18, 2017, (ECF No. 8). The matter is now ripe for review.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations "must be simple, concise, and direct" and "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a civil complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged." *Id.* A motion to dismiss will be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

## III. DISCUSSION

In the present motion, Nationwide argues that this Court lacks subject matter jurisdiction because Ms. Blevins' claims are not ripe since Nationwide never denied the insurance claim at issue. (*See* ECF No. 6 at 3–7.) Ms. Blevins argues that her claims are ripe because, even if Nationwide has satisfied her claim, Nationwide still fraudulently asserted a defense to the insurance coverage. (ECF No. 7 at 6.) Ms. Blevins further argues that her common law bad faith and UTPA claims are separate and distinct from her contract claim. (*Id.*)

This Court lacks subject matter jurisdiction to hear any case that is not ripe for adjudication. Fed. R. Civ. P. 12(b)(1). A case is ripe when "the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *See Miller v. Brown*, 42 F.2d 312, 318 (4th Cir. 2006). Thus, a claim "should be dismissed as unripe if the plaintiff has not yet suffered injury and any future impact remains wholly speculative. *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013). To determine if a case is ripe, a court must "balance 'the fitness of the issues for judicial decision with the hardship of the parties of withholding the court's consideration.'" *Franks v. Ross*, 313 F.3d 184, 194 (4th Cir. 2002) (quoting *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 733 (1998)). The Court will address the ripeness of each of Ms. Blevins' claims separately.

A. <u>Breach of Contract</u>

In her Complaint, Ms. Blevins alleges that Nationwide breached its insurance contract by asserting an "owner occupied" defense in their reservation of rights letter knowing that the defense was baseless. (*See* ECF No. 1-1 at ¶ 13.)

Nationwide argues that Ms. Blevins' breach of contract claim is premature because Nationwide did not deny her claim as a reservation of rights letter does not constitute a denial of coverage. (*See* ECF No. 6 at 3–4; ECF No. 8 at 2–4.) Nationwide further argues that Nationwide's continued investigation of Ms. Blevins' claim before she filed this action shows that the claims were never denied, thus making the breach of contract claim not ripe. (*See* ECF No. 6 at 4–5.)

To state a breach of contract claim under West Virginia law, a plaintiff must allege facts that show "the existence of a valid contract; that plaintiff has performed under that contract; that the defendant has breached or violated its duties or obligations under the contract; and that the plaintiff has been injured as a result." *Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc.*, 681 F. Supp. 2d 694, 714 (S.D. W. Va. 2009). "[A] plaintiff must allege in his complaint 'the breach on which the plaintiffs found their action . . . and the facts and circumstances which entitle them to damages." *Id.* (quoting *White v. Roman*, 3 S.E. 14, 16 (W. Va. 1887)).

Here, the Complaint does not sufficiently allege facts that show that Nationwide breached or violated its duties under the insurance contract. The only fact that Ms. Blevins' alleges to show that Nationwide breached the contract is the fact that Nationwide sent her a reservation of rights letter stating that Nationwide may not provide coverage for the fire because the property was not occupied by the owner. (*See* ECF No. 1-1 at ¶¶ 7, 13.) However, a reservation of rights letter asserting a possible defense to providing coverage is not the equivalent of a denial of coverage. *See Mosadegh v. State Farm Fire & Cas. Co.*, 330 F. App'x 65, 66 (5th Cir. 2009) ("On appeal, the Mosadeghs argue that State Farm sent them letters denying coverage before the scheduled examinations under oath, justifying their absence. But, as the district found, the

5

letters unequivocally state that State Farm was 'reserv[ing] its rights under the policy, including the right to deny coverage in its entirety' should the concealment of fraud become known. . . . On their face, the letters did not deny coverage . . . .").

Beyond the reservation of rights letter, Ms. Blevins does not allege any other facts that suggest that Nationwide wrongfully denied her claim or violated its obligations by not providing coverage. Thus, this Court agrees with Nationwide that the breach of contract claim is not ripe. *See Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 509 F. App'x 919, 922–23 (11th Cir. 2013) (holding that the breach of contract claims were not ripe at the time the lawsuit was filed because the insurance company had not denied the claims but finding they were ripe at the time the district court ruled on the case because the insurance company had since denied coverage); *see also Syron v. ReliaStar Life Ins. Co.*, 506 F. App'x 500, 505 (6th Cir. 2012); (finding that a breach of contract claim became ripe once the insurance company determined that the term policy was void and it owed the plaintiff nothing); *Collins v. Nationwide Mut. Ins. Co.*, No. 17-0093, 2017 WL 1901630, at * 1 (S.D. Ala. May 9, 2017) ("A claim of breach of contract . . . presupposes that the insurer has already violated a contractual duty to pay . . . .").

Furthermore, even if this Court were to find that Ms. Blevins' breach of contract claim was ripe at the time the Complaint was filed, that claim is now moot as Nationwide has since accepted and paid the claim. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (holding that a case can become moot by a change in factual circumstances that renders the issues in the case no longer live) ("Generally speaking, one such [factual] circumstance mooting a claim arises when the claimant receives the relief he or she sought to

obtain through the claim."). (*See also* ECF No. 5-1 at 47.) Therefore, this Court also lacks subject matter jurisdiction to hear Ms. Blevins' breach of contract claim under the mootness doctrine. *See Brooks v. Vassar*, 462 F.3d 341, 348 (4th Cir. 2006) (holding that it is well settled that "[f]ederal courts have no power to hear moot cases, and . . . a case can become moot at any time) (citing *Mellen v. Bunting*, 327 F.3d 355, 363–64 (4th Cir. 2003)), *cert. denied*, 550 U.S. 934 (2007); *see also City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 288–89 (1982). Accordingly, the Court **DISMISSES** Count I of the Complaint.

B. Bad Faith and Breach of Covenant of Good Faith and Fair Dealing

Count II of Ms. Blevins' Complaint appears to allege a claim of bad faith and a claim of breach of the covenant of good faith and fair dealing by Nationwide. (*See* ECF No. 1-1 at ¶¶ 14–23.) Specifically, Ms. Blevins alleges that Nationwide acted in bad faith by failing to timely remit appropriate payment for all of her claim and "thus denying her claim." (*Id.* at ¶ 23.) Ms. Blevins further states that Nationwide "acted maliciously" and "pre-determined to devalue and delay" her claim, ignoring their duty under the policy to promptly remit a claim award. (*Id.* at ¶ 20.)

Nationwide argues that this claim also is not ripe because the Complaint was filed only four days after Nationwide's examination of Ms. Blevins and before Nationwide rendered its decision on her claim. (ECF No. 6 at 6.) Nationwide further reasserts that it ultimately paid the claim. (*Id.*) Lastly, Nationwide argues that Ms. Blevins cannot pursue her common law bad faith claim absent a proper breach of contract claim. (*Id.* at 7.)

Although the parties appear to use the terms interchangeably, claims for bad faith and claims for the breach of the covenant of good faith and fair dealing have two, distinct standards,

7

at least in this context. Because Ms. Blevins appears to allege both in Count II, this Court will address these claims separately.

       i.     *Bad Faith Claim*

Under West Virginia law, before a plaintiff can assert a first-party bad faith claim against an insurer, the underlying claim must ultimately be resolved. *See Hayseeds, Inc. v. State Farm Fire & Cas. Co.*, 352 S.E.2d 73, 80 (W. Va. 1996). "Once a demand is unmet by an insurance carrier, a policyholder need only prove he or she has substantially prevailed." *Miller v. Fluharty*, 500 S.E.2d 310, 320–21 (W. Va. 1997).

> [W]hen examining whether a policyholder has substantially prevailed against an insurance carrier, a court should look at the negotiations as a whole from the time of the insured event to the final payment of the insurance proceeds. If the policyholder makes a reasonable demand during the course of the negotiations, within policy limits, the insurance carrier must either meet that demand, or promptly respond to the policyholder with a statement why such a demand is not supported by the available information. The insurance carrier's failure to promptly respond is a factor for courts to consider in deciding whether the policyholder has substantially prevailed in enforcing the insurance contract, and therefore, whether the insurance carrier is liable for the policyholder's consequential damages under *Hayseeds* [ ] and its progeny.

*Id.* at 321.

Here, Ms. Blevins filed this lawsuit demanding Nationwide remit payment on her fire loss insurance claim. (*See* ECF No. 1-1.) Subsequent to the filing of this lawsuit, Nationwide paid Ms. Blevins' insurance claim. (*See* ECF No. 5-1 at 47.) This Court has stated before that it is not entirely clear whether the filing of a lawsuit such as the instant matter constitutes a "demand" under *Miller* or that payment of the insurance policy proceeds, even if it was in full, constitutes a finding that Ms. Blevins substantially prevailed. *See Brooks v. Chase Home Fin., Inc.*, No. 5:06-cv-00694, 2008 WL 2704603, at *7 (S.D. W. Va. July 3, 2008). However, this

Court is not aware of, nor has Nationwide cited, an authority that states that Ms. Blevins' cannot be said to meet the demand and substantially prevailed factors of a common law bad faith claim. To the extent Nationwide argues that Ms. Blevins cannot assert a claim for bad faith because Nationwide never denied Ms. Blevins' claim, this Court has held that a formal denial of coverage is not required because common law bad faith damages are premised on the delay in settlement. *See Bailey v. Bradford*, 12 F. Supp. 3d 826, 841 (S.D. W. Va. 2014) (quoting *Miller*, 500 S.E.2d at 321 n.6 (Additionally to the extent that Nationwide suggests a formal "denial of coverage" is required for Plaintiff to substantially prevail, again, the applicable authority appears to be to the contrary. Indeed, the West Virginia Supreme Court of Appeals observed in *Miller* that "[u]nder *Hayseeds*, the policyholder's consequential damages are based upon the insurance carrier's delay in settlement . . . ."). Therefore, to the extent Ms. Blevins alleges a bad faith claim against Nationwide for delaying the payment of her insurance proceeds the claim survives this stage of the proceedings. However, to the extent that Ms. Blevins alleges bad faith based on Nationwide's failure to remit payment, the Court finds that allegation moot as Nationwide has paid Ms. Blevins' claim. (ECF No. 5-1 at 47.) Thus, this Court **DISMISSES IN PART** Count II of the Complaint. The bad faith claim under this Count will proceed insofar as it relates to allegations that Nationwide delayed paying Ms. Blevins' claim.

ii. *Breach of Good Faith and Fair Dealing*

This Court has recognized that West Virginia law "implies a covenant of good faith and fair dealing in every contract for purposes of evaluating a party's performance of that contract." *See Hanshaw v. Wells Fargo Bank, N.A.*, No. 2:14-cv-28042, 2015 WL 5345439, at *17 (S.D. W. Va. Sept. 11, 2015) (quoting *Stand Energy Corp. v. Columbia Gas Transmission Corp.*, 373

9

F. Supp. 2d 631, 644 (S.D. W. Va. 2005)). However, this covenant does not provide for an independent claim. *See id.* (citing *Corder v. Countrywide Home Loans, Inc.*, No. 2:10-cv-0738, 2011 WL 4263506, at *3 (S.D. W. Va. Jan. 26, 2011)). A claim for breach of the common law duty of good faith must be brought with an express breach of contract claim; thus, "this claim will live or die by the [express breach of contract] claim in [the same complaint]." *Clendenin v. Wells Fargo Bank, N.A.*, No. 2:09–cv–00557, 2009 WL 4263506, at *5 (S.D. W. Va. Nov. 24, 2009) (holding that the claim for breach of the covenant of good faith and fair dealing must be dismissed because the breach of contract claim was dismissed).

Accordingly, to the extent Ms. Blevins is asserting a claim for breach of the covenant of good faith and fair dealing under Count II of her Complaint, she cannot assert such a claim without asserting a proper breach of contract claim. Therefore, the breach of good faith and fair dealing claims that stem from the above, dismissed breach of contract claim must also be dismissed. Furthermore, as discussed more fully above, Ms. Blevins' allegations under this count that Nationwide denied her claim are moot as Nationwide has since paid her claim. (*See* ECF No. at 5-1 at 49.)

However, Ms. Blevins' allegations that Nationwide failed to promptly remit payment of the claim in violation of the policy language can constitute an express breach of the insurance policy. *See Nowlan v. JP Morgan Chase Bank, N.A.*, No. 2:11-cv-00404, 2012 WL 1029315, at * 4 (S.D. W. Va. Mar. 26, 2012) (finding that although plaintiff did not assert a breach of contract claim, plaintiff's allegations that defendant failed to properly apply plaintiff's loan payments may constitute an express breach of the deed of trust); *see also Miller v. Fluharty*, 500 S.E.2d 310, 320 (W. Va. 1997) ("Other jurisdictions have . . . also concluded that the failure by

an insurance carrier to investigate a claim adequately, or to investigate a claim properly within a reasonable time, constitutes a breach of the insurance contract.").

Therefore, the Court **DISMISSES IN PART** Count II of the Complaint insofar as it relates to allegations that Nationwide failed to remit payment. Thus, Count II will proceed insofar as it relates to allegations that Nationwide failed to remit payment in a timely manner.

C. Violations of UTPA

Lastly, the third count of the Complaint alleges that Nationwide violated several provisions of the Unfair Trade Practices Act. (*See* ECF No. 1-1 at ¶¶ 24–34.) Ms. Blevins first alleges the following general violations under this statute: that Nationwide failed to pay appropriate policy benefits and wrongly instructed her to hold on to her sworn statement of proof of loss form. (*Id.* at ¶¶ 25–37.) Ms. Blevins then alleges the following specific statutory violations: (1) Nationwide failed to give a reasonable explanation as to why it was denying the policy claim in violation of § 33-11-4(9)(n); (2) Nationwide refused to pay the policy claim without conducting a reasonable investigation in violation of § (9)(d); (3) Nationwide failed to act promptly upon communications about Ms. Blevins' claim in violation of § 9(b); and (4) that Nationwide has not attempted in good faith to reach a settlement with Ms. Blevins on her claim in violation of § (9)(f). (*Id.* at ¶¶ 28–32.)

Nationwide asserts that Ms. Blevins' UTPA claims are premature because Ms. Blevins filed this action before Nationwide decided the claim following the completion of its investigation. (*See* ECF No. 6 at 6.) Nationwide also highlights that it ultimately paid Ms. Blevins' claim. (*See* ECF No. 5-1 at 47.)

West Virginia Code § 33-11-4(9) states that "no person shall commit or perform with such frequency as to indicate a general business practice any of the following" and then lists business practices that violate the statute. *See* § 33-11-4(9)(a)–(o). To maintain an action under the UTPA, a plaintiff must first resolve the underlying claim in her favor and then establish some violation(s) under § 33-11-4(9). *See Allen v. Progressive Classic Ins. Co.*, No. 5:11-cv-00036, 2011 WL 5357632, at *5 (S.D. W. Va. Nov. 3, 2011) (citing *McCormick v. Allstate Ins. Co.*, 475 S.E.2d 507, 519 (W.Va. 1996)). "Further, a plaintiff must establish more than a single 'isolated' violation of the UTPA to show that the insurance company's violations were of such frequency as to indicate a 'general business practice.'" *Id.* (citing *McCormick*, 475 S.E.2d at 519). A plaintiff can demonstrate that the violations are part of a "general business practice" by alleging multiple violations of § 33-11-4(9). *Id.*; *see also Rich v. Life Ins. Co. N. Am.*, No. 2:13-cv-92, 2013 WL 13145690, at *7 (N.D. W. Va. Mar. 28, 2013) (finding plaintiff sufficiently alleged separate discrete acts by alleging seven different violations of §§ 33-11-4(2) and 33-11-4(9) pertaining to settling a single claim); *United Bankshares, Inc. v. St. Paul Mercury Ins. Co.*, No. 6:10-cv-00188, 2010 WL 4630212, at *7 (S.D. W. Va. Nov. 4, 2010) (citing *Dodrill v. Nationwide Mut. Ins. Co.*, 491 S.E.2d 1, 12–13 (W. Va. 1996)) (finding that plaintiffs sufficiently pled a claim under the UTPA by alleging separate, discrete acts that constitute violations of the sub-paragraphs of § 33-11-4(9)).

First, unlike the underlying claim in *State ex rel. Universal Underwriters Insurance Co. v. Wilson* on which Nationwide relies, the insurance claim here was ultimately paid. *See* 801 S.E.2d 216, 223 (W. Va. 2017). (ECF No. 6 at 3.) Therefore, the underlying claim in this action has been resolved in Ms. Blevins' favor, satisfying the first requirement of a UTPA claim.

Second, similar to the above cited cases, the Complaint alleges several violations of § 33-11-4(9). (*See* ECF No. 1-1 at ¶¶ 24–34.) Thus, Ms. Blevins has alleged facts that, if true, may demonstrate that Nationwide engaged in a general business practice that violates the UTPA. *See McCormick*, 475 S.E.2d at 519. Lastly, Ms. Blevins' claims are ripe as they involve Nationwide's behavior prior to settling the claim. Furthermore, to the extent Nationwide argues that Ms. Blevins' claims are not ripe because she filed suit before Nationwide rendered its decision on her claim, Ms. Blevins' claims did not have to be ripe at the time of filing, but at the time of review. *See Wilson*, 801 S.E.2d at 223 n.15 (quoting *Gopher Oil Co. v. Bunker*, 84 F.2d 1047, 1050 (8th Cir. 1996)) ("A live dispute must exist between the parties at the time of the court's hearing.").

However, to the extent that Ms. Blevins alleges that Nationwide denied and failed to remit payment for her claim, those allegations are moot as Nationwide never denied her claim and ultimately paid it. Accordingly, the Court **DISMISSES IN PART** Count III of the Complaint insofar as it relates to allegations that Nationwide denied and failed to remit payment on Ms. Blevins' claim. Thus, Count III will proceed insofar as it relates to allegations that Nationwide failed to promptly communicate or investigate Ms. Blevins' claims.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Nationwide's Motion to Dismiss. (ECF No. 5.) This Court **DISMISSES** Count I of the Complaint; **DISMISSES IN PART** Count II of the Complaint insofar as it alleges claims of bad faith and breach of good faith and fair dealing relating to Nationwide's failure to pay Ms.

13

Blevins' insurance claim; and **DISMISSES IN PART** Count III of the Complaint insofar as it alleges that Nationwide denied and failed to remit payment on Ms. Blevins' claim.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 28, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE