# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

LINDA BLEVINS,

                Plaintiff,

v.                                   CIVIL ACTION NO. 2:17-cv-03692

NATIONWIDE GENERAL INSURANCE COMPANY,

                Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Linda Blevins' motion to file an amended complaint. (ECF No. 50.) For the reasons discussed more fully below, the Court **DENIES** the motion.

## I. BACKGROUND

This action arises out of a fire that occurred on March 14, 2017 which damaged Plaintiff Linda Blevins' ("Blevins") property. (*See* ECF No. 1-1 at ¶ 5–6.) This property was insured by Defendant Nationwide General Insurance Company ("Nationwide"). (*See id.*) Following the fire, Blevins filed an insurance claim with Nationwide. (*Id.* at ¶ 16.) The complete factual and procedural background of this case is set forth in detail in this Court's memorandum opinion and order on Nationwide's motion to dismiss. (*See* ECF Nos. 21.) Therefore, that discussion need not be repeated here at length.

On June 19, 2017, Ms. Blevins filed this action in the Circuit Court of Logan County, West Virginia, alleging the following the claims: (1) breach of contract, (2) breach of the covenants of good faith and fair dealing, and (3) violations of the West Virginia Unfair Trade Practices Act

("UTPA"). (*See* ECF No. 1-1.) Nationwide subsequently removed this action to this Court. (*See* ECF No. 1.)

On August 28, 2017, Nationwide filed a motion to dismiss all of Blevins' claims against it. (ECF No. 5.) In a memorandum opinion and order dated December 28, 2017, the Court granted in part and denied in part Nationwide's motion to dismiss. (ECF No. 21.) Specifically, the Court dismissed Count I in its entirety and dismissed Counts II and III insofar as they related to Nationwide's failure to pay Blevins' insurance claim. (*See id.* at 13–14.) Thus, the case proceeded on Count II insofar as it related to Nationwide's alleged failure to timely remit payment on Blevins' insurance claim and Count III insofar as it related to Nationwide's alleged failure to timely investigate Blevins' insurance claim. (*See id.* at 11, 13.)

Discovery was set to close in this case on May 21, 2018. (*See* ECF No. 11.) However, the parties stipulated to extend the discovery deadline to August 31, 2018 so that they could complete depositions. (*See* ECF No. 46.) On August 10, 2018, Blevins filed the present motion for leave to file an amended complaint, (ECF No. 50), to which Nationwide timely responded, (ECF No. 79), and Blevins timely replied. (ECF No. 89.) Accordingly, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

When a plaintiff seeks to amend the complaint after expiration of a court's scheduling deadline for amended pleadings, that plaintiff must first satisfy the good cause standard of Rule 16(b). *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995). "If the moving party satisfies Rule 16(b), the movant must then pass the tests for amendment under Rule 15(a)." *Id.*; *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (holding, in accordance with the other

federal courts of appeals to have addressed the issue, that "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend pleadings").

"Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cnty.*, 182 F. App'x 156, 162 (4th Cir. 2006) (citing *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631–32 (D. Md. 2003)); *see also Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) ("'Good cause' requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or the party's attorney) has not acted diligently in compliance with the schedule.'" (alterations in original) (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure Civ. 3d* § 1522.2 (3d Ed. 2010))); *Marcum*, 163 F.R.D. at 255 ("[T]he touchstone of 'good cause' under Rule 16(b) is diligence.").

Once a plaintiff demonstrates good cause, then amendment should be allowed in accordance with the standard set forth by Rule 15(a), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whereas the Rule 16(b) analysis focuses on the diligence of the moving party, the Rule 15(a) inquiry focuses "substantially on the prejudice to the opposing party if leave to amend is granted." *Marcum*, 163 F.R.D. at 254 n.8. As this Court has previously recognized:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

3

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Burton v. United States*, 199 F.R.D. 194, 199 (S.D. W. Va. 2001) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "Although the decision whether to grant leave rests within the sound discretion of the district court, the federal rules strongly favor granting leave to amend." *Medigen of Kentucky, Inc. v. Pub. Serv. Comm'n of W. Va.*, 985 F.2d 164, 167–68 (4th Cir. 1993) (citing *National Bank v. Pearson*, 863 F.2d 322, 327 (4th Cir. 1988)).

### III.  DISCUSSION

In her motion, Blevins requests leave to amend her Complaint to add a formal fraud count. (*See* ECF No. 51 at 2.) Specifically, Blevins seeks to allege that Nationwide committed fraud by sending a Reservation of Rights letter to Blevins in which Nationwide knowingly asserted an allegedly baseless possible "owner unoccupied" defense to Blevins' insurance claim. (*See id.* at 5.)

In its response to the motion, Nationwide first focuses on Rule 16(b)(4), arguing that Blevins has not shown good cause to amend her Complaint. (*See* ECF No. 79 at 5–9.) Specifically, Nationwide argues that Blevins' undue delay in requesting leave to amend the Complaint is due to her own lack of diligence. (*See id.* (noting that Blevins waited "nearly nine months after the Scheduling Order deadline" and two months before trial to move for leave to amend).) Nationwide further argues that, notwithstanding the lack of good cause for granting leave to amend this late in the case, the amendment is also futile. (*See id.* at 9–10.)

As stated above, "[o]nce the scheduling order's deadline for amendment of pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies 16(b), the movement then must pass the tests for amendment under 15(a)." *Marcum*, 163

4

F.R.D. at 254. Therefore, the Court will address whether good cause exists under Rule 16(b) before turning to the Rule 15 factors.

A. *Good Cause Under Rule 16(b)*

In analyzing whether good cause exists to grant leave to amend a complaint, the Court should focus on "the timeliness of the amendment and the reasons for its tardy submission." *See Montgomery*, 182 F. App'x at 162. "[T]he touchstone of 'good cause' . . . is diligence." *Smith v. United Parcel Serv.*, 902 F. Supp. 719, 721 (S.D. W. Va. 1995). In *Marcum*, this District noted that "disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Marcum*, 172 F.R.D. at 255. The Court further stated that, "[i]f the trial judge is to be the case manager envisioned by the drafters of the Civil Justice Reform Act and the promulgators of recent rule amendments, the trial judge must be given the tools to craft appropriate enforceable schedules for pretrial events and the ultimate resolution of the case." *Id.*

Here, Blevins asserts that she did not know that she had a fraud claim until oral argument was held in this case on July 20, 2018 to resolve a discovery dispute. (*See* ECF No. 51 at 1–2.) In that hearing, Nationwide stated that it may sue its agent for issuing Blevins an insurance policy despite Blevins not occupying the property. (*See id.*) Blevins asserts this statement shows that Nationwide knew that it did not have an "owner unoccupied" defense when it issued Blevins the Reservation of Rights letter. (*See id.*)

However, Blevins mentioned fraud based on the "owner unoccupied" defense as part of her breach of contract claim in Count I of her Complaint. (*See* ECF No. 1-1 at ¶ 13 ("The decision by Nationwide to assert an 'owner unoccupied' defense against the plaintiff when Nationwide knew or

5

should have known such a defense was baseless constitutes a breach of contract, bad faith and/or fraud on the part of Nationwide.").) Despite seemingly knowing she had a potential fraud claim, Blevins did not formally allege fraud in the Complaint nor did she seek to amend her Complaint following the motion to dismiss, which dismissed Count I, to assert a formal fraud claim.

Furthermore, in Nationwide's response in opposition to Blevins' motion to compel Nationwide to turn over documents it initially listed in its privilege log, Nationwide stated that the documents it was withholding pertained to the investigation of and the anticipated litigation against its agent. (*See* ECF No. 25 at 11.) This response is dated March 20, 2018. (*See id.*) Thus, the same information that Blevins claims she did not learn until the July 20, 2018 hearing was available to her four months earlier. Yet, Blevins still waited another five months before filing the present motion for leave to amend. Therefore, Blevins was on notice of the information needed to make a formal fraud allegation prior to the July 20, 2018 hearing. *See, e.g.*, *Caiman E. Midstream v. Hall*, No. 5:11-CV-135, 2012 WL 4858764, at *2–3 (N.D. W. Va. Oct. 12, 2012).

Blevins argues that her motion was not unduly delayed because Nationwide is withholding the evidence that would permit her to prove her case. (*See* ECF No. 89.) However, the Court does not find this argument persuasive. The pleading standard is much less stringent than the standard to prove a claim. Thus, as long as there was a good faith legal basis to do so, Blevins could have alleged a formal fraud claim without yet having all of the evidence necessary to prove that claim.

Additionally, the amendment would be prejudicial to Nationwide. Discovery has already closed in this case and, as Blevins acknowledges, were the Court to allow her to amend her Complaint to add a fraud claim, discovery would have to be reopened. This amendment would also require continuing the trial in this matter. This would be prejudicial to Nationwide as it has prepared for

6

trial as scheduled in the Scheduling Order. *See Caiman*, 2012 WL 4858764, at *3; *see also Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc.*, No., 2010 WL 4117050, at *3 (S.D. W. Va. Oct. 19, 2010). Accordingly, Blevins has failed to show good cause for amending her Complaint.

B.  *Rule 15 Factors*

Even if the Court were to find that good cause existed to amend the scheduling order to grant Blevins leave to file an amended complaint, the amendment would be futile. Under Rule 15(a), a Court can grant a motion for leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010).

An amendment is futile if it is "clearly insufficient or frivolous on its face." *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980); *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 695 (8th Cir. 1981)). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

"When making an allegation of fraud in federal court, a plaintiff must meet the heightened pleading requirements set forth in Rule 9, which requires that a party must 'state with particularity the circumstances constituting [the] fraud.'" *Conley v. Ryan*, 92 F. Supp. 3d 501, 515 (S.D. W. Va. 2015) (quoting Fed R. Civ. P. 9(b)). "To satisfy Rule 9(b), a plaintiff 'must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Id.* (quoting *United States ex rel. Wilson v.*

7

*Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir.2008)); *see also U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 456 (4th Cir.2013) (noting that the Rule 9 standard set forth in *Wilson* is "as applicable in cases brought under [the statute at issue in Wilson] as [it is] in other fraud cases")(emphasis added).

Fraud under West Virginia law requires clear and convincing evidence that "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it." *See Lengyel v. Lint*, 280 S.E.2d 66, 69 (W. Va. 2008) (citing *Horton v. Tyree*, 139 S.E. 737 (W. Va. 1927)).

Here, Blevins cannot show that she detrimentally relied on Nationwide's alleged fraud. The complaints in the cases in which a plaintiff successfully pleaded the reliance element of a fraud claim contain much more factual allegations showing reliance than in the present case. For example, in *Knisley v. Nat'l Better Living Ass'n*, the Court found that the plaintiff successfully alleged a fraud claim by stating in his complaint that he did not timely submit a claim for benefits because the defendant represented to him that his benefit policy had been cancelled. *See* No. 3:14-cv-15, 2015 WL 1868819, at *18 (N.D. W. Va. Apr. 23, 3015); *see also Talbot 2002 Underwriting Capital Ltd v. Old White Charities, Inc.*, No. 5:15-cv-12542, 2016 WL 3162135, at *9 (S.D. W. Va. June 3, 2016) (finding that the plaintiff successfully pleaded the reliance element by alleging that it relied on defendant's representations about the plaintiff's insurance coverage and thus did not seek additional coverage from other companies). Blevins does not plead any such detailed allegations here.

In the proposed amended complaint, Blevins simply states the following: "The decision by Nationwide to assert an 'owner unoccupied' defense against [Blevins] when Nationwide knew or

8

should have known such a defense was baseless constitutes fraud on the part of Nationwide, and it has caused continuing harm and damage to the plaintiff, for which Nationwide is legally responsible." (*See* ECF No. 51-1 at ¶ 38.) Nowhere in the proposed amendment does Blevins explicitly state, or provide factual allegations showing, that she detrimentally relied on Nationwide's assertion of this alleged false defense. *See Rahmi v. Sovereign Bank N.A.*, No. 3:12-cv-87, 2013 WL 412623, at *3 (N.D. W. Va. Feb. 1, 2013) (finding that the plaintiff's summary allegations that he was devastated financially and emotionally by the defendant's fraudulent conduct and that he relied on this fraudulent act, without more facts supporting these allegations, failed to state a claim for fraud).

In her reply to her motion, Blevins offers several theories as to how she detrimentally relied on Nationwide's assertion of the "owner unoccupied" defense. However, none of these allegations are present in the proposed amended complaint. The only reliance allegation in the proposed amended complaint states that if Blevins would have known that the agent's statement that she did not have to occupy the property in order to qualify for insurance was false Blevins would not have switched her insurance to Nationwide. (*See* ECF No. 51-1 at ¶ 40.) However, the fraud allegations in the proposed amended complaint pertain entirely to Nationwide's allegedly fraudulent "owner unoccupied" defense in the Reservation of Rights letter and not to Blevins' insurance application.

Additionally, as the Court stated in its previous memorandum opinion and order on Nationwide's motion to dismiss, the Reservation of Rights letter that Nationwide sent containing the "owner unoccupied" language was not a denial of Blevins' insurance claim. (*See* ECF No. 21 at 5.) In her motion, Blevins states that she "stood to lose almost $100,000 in assets" if Nationwide followed through on the owner unoccupied offense. (*See* ECF No. 51 at 5.) However, Blevins did not in fact lose any assets because Nationwide did not rely on this defense and subsequently paid Blevins'

9

insurance claim.   (*See* ECF No. 79-11.)   Thus, Blevins cannot allege that the assertion of the defense in the Reservation of Rights letter resulted in Blevins losing her insurance proceeds.   Accordingly, as the proposed amendment cannot successfully plead a fraud claim, the amendment would be futile.

## IV.   CONCLUSION

For the reasons discussed herein, the Court **DENIES** Blevins' motion for leave to file an amended complaint.   (ECF No. 50.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   September 20, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE